33 C.C.P.A.(Patents)

## THOMPSON v. HAMILTON.

### SHELTERS v. SAME.

Patent Appeals Nos. 5049, 5050.

Court of Customs and Patent Appeals.

Jan. 7, 1946.

William F. Hall, of Washington, D. C., for appellants.

A. Trevor Jones, of Chicago, Ill., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

GARRETT, Presiding Judge.

These are appeals from decisions of the Board of Interference Examiners of the United States Patent Office awarding priority to the party Hamilton, the senior party in both cases, upon counts relating to a drawer structure for type cases, the counts being claims which he copied for interference purposes from patents issued to the respective appellants during the pendency of his application in the Patent Office.

Hamilton's application, serial No. 352,209, assigned to Hamilton Manufacturing Company, Two Rivers, Wisconsin, was filed August 12, 1940. It is the one involved in both interferences.

The respective patents of appellants (Thompson's No. 2,255,949; Shelters' No. 2,255,950) were issued on the same day—September 16, 1941—upon applications filed on the same day—June 24, 1941—both assigned to Thompson Cabinet Company, Ludington, Michigan.

So, the actual parties in interest are Hamilton Manufacturing Company, on the one hand, and Thompson Cabinet Company, on the other.

Hamilton copied the claims which became the counts, on or about October 19, 1942, and requested declarations of interferences. The interferences so sought were declared December 8, 1942.

It appears from the record that the Hamilton application was referred for examination and action to Division 8 of the Patent Office and that the subsequently filed applications of Thompson and Shelters were referred to Division 17. This, we assume, accounts for the failure to declare the interferences while all three applications were copending.

The ultimate issue decision of which is determinative of the controversies pending before us is the same in both cases. Hence, the two were consolidated for hearing, being briefed and argued together. There is no conflict in interest between the Thompson and Shelters patents, they being owned by the same assignee.

Separate decisions were rendered below and we follow that course here.

Appeal No. 5049—Interference No. 80,607.

Two counts are involved in this interference. They appeared as claims 1 and 2 in the Thompson patent. They read:

"1. In a drawer structure for type cases, a drawer bottom member, a drawer side piece, the lower edge of which is cut away along its inner side providing a rib portion along its outer side, said side piece resting upon said bottom member by engagement of the cut away lower edge surface with said bottom member, a runner shoe for said drawer comprising an elongated member of generally channel formation having a bottom wall and side walls, said channel shaped runner shoe receiving and embracing said rib portion of the side piece, the overall width of said shoe being less than the width of said side piece.

"2. In a drawer structure for type cases according to count 1, one of the side walls of said shoe having a laterally disposed flange, said side piece having a recess therein receiving said lateral flange."

As has been indicated, the two claims which became the counts were copied into the Hamilton application on or about October 19, 1942, which was more than one year after the date (September 16, 1941) of issue of the Thompson patent.

In his preliminary statement Thompson did not allege any date of pertinent activities prior to Hamilton's filing date. Consequently, Thompson was placed under order to show cause why judgment on the record should not be entered against him.

In response to the order Thompson moved to dissolve on the ground, as paraphrased in the board's decision, "that Hamilton was estopped under Rule 94 of the Rules of Practice of the United States Patent Office to present the patent claims, as the same claims, or claims for substantially the same subject matter as the issue had not been presented within one year after the grant of the Thompson patent as required by the rule."

The Primary Examiner, construing the rule, held that Hamilton was not barred and the issue went before the Board of Interference Examiners under rule 130 of the Patent Office, 35 U.S.C.A.Appendix. The board agreed with the Primary Examiner and the instant appeal to us was taken.

The sole issue presented before us involves the construction of that paragraph of rule 94 of the Rules of Practice of the Patent Office reading:

"No amendment for the first time presenting or asserting a claim which is the same as, or for substantially the same subject matter as, a claim of an issued patent may be made in any application unless such

amendment is filed within one year from the date on which said patent was granted."

■ The rule so quoted is word for word the same as the second paragraph of 35 U.S.C. § 51, 35 U.S.C.A. § 51, derived from the Act of August 5, 1939, c. 452, § 1, 53 Stat. 1213, which act became effective August 5, 1940. So, the rule is in exact conformity with the statute and the construction of the one constitutes a construction of the other. Therefore, we hereinafter refer only to the rule.

In the brief for Thompson before us (italics quoted) it is said:

"The question dispositive of the case is whether Hamilton within one year of September 16, 1941, the date of issue of the Thompson patent, made *a* claim for substantially the same subject matter as *a* claim of said patent.

"No one contends that within this period of one year Hamilton made a claim 'which is the same as' a claim (the alternate statement of the requirement) of the Thompson patent.

"That some claim of the patent *covers or dominates* the article disclosed by Hamilton, or that some claim of Hamilton made within the prescribed period may cover or dominate the Thompson article, would *not* satisfy the rule."

We call particular attention to the emphasis placed upon the indefinite article *"a"* in the first paragraph of the above quotation because of the contention of counsel for appellant before us as to the interpretation of the rule which contention, in substance, is:

(1) That Hamilton may not make count 1 because he did not present, within one year after September 16, 1941, in just one claim, a claim embracing all the features which rendered the count patentable.

(2) That Hamilton may not make count 2 because he did not present, within one year after September 16, 1941, in just one claim, a claim embracing all the features which rendered that count patentable.

In other words, the contention of counsel for appellant, as we understand it, is, in effect, that the indefinite article "a" embraced in the rule should be interpreted as meaning "one."

It is obvious that the construction for which appellant contends would create an anomalous situation in cases such as that under consideration.

Counsel for appellant concedes that there was disclosed in the Hamilton application every physical feature defined in the counts so arranged in combination as to meet the counts.

Furthermore, it is not seriously contended that in claims presented by Hamilton during the prosecution of his application and *more than one year before* the issuance of the Thompson patent subject matter substantially the same as the subject matter of the counts was not covered.

■ The matter is, in our opinion, fully and fairly stated and properly decided by the board in the following which we quote from its decision:

"The structure involved is simple; in the structures of both Thompson and Hamilton a depending portion of the side rail of less width than the rail fits into and substantially fills the metallic channel. The principal points of difference in the two structures are that Thompson has a laterally extending flange on the inner short leg of the channel, whereas Hamilton has a laterally extending flange on the outer long leg of the channel. Also, Hamilton has a slightly bulged portion 32 on the outer channel leg.

"As will be seen from an examination of count 1 three elements are set forth, i.e. (1) a drawer bottom member, (2) a side piece and (3) a channel shaped runner shoe. Counts 2, which depends on count 1, requires that one channel side wall have a laterally disposed flange which fits in a recess in the side wall. This feature is broadly drawn so that it can apply to either channel side wall or leg; thus it finds response in the flange 5 of Thompson and flange 26 of Hamilton.

"The Hamilton application as filed contained three claims; during the prosecution of the application two additional claims, 4 and 5 were presented, all within a year from the issuance of the Hamilton patent. Also during the prosecution of the application claims 3 and 4 were cancelled.

"An examination of these five claims clearly shows that each feature of the counts had been covered by claim. Claims 1 and 2 are more specific than count 1 in that they include the bulged feature above mentioned. Claim 3 was sufficiently broad to read on the Thompson structure and it embodied the essential features in issue. Claim 4, except possibly for the stated method of assembly of the parts, was also sufficiently broad to read on the Thompson

disclosure. While it is true that the exact terminology of the counts in issue was not found in the Hamilton application prior to the year period, this is of no consequence as the rule does not require him to make the identical claims of the patent during this period; all that is required is that he shall be urging claims covering the matter which is claimed in the patent before the critical period has terminated.

"The objects of the invention of the two parties are the same and substantially the same results are obtained with substantially the same mechanism. The difference is more in the form of expression than in the inventive subject matter covered.

"Thompson argues the Hamilton can derive no benefit from the board and unpatentable claims 3 and 4 (1) because of their breadth and (2) because of an alleged constructive abandonment arising from their cancellation.

"While it may be true that extremely broad claims could not be relied on to establish that certain more restricted subject matter was being claimed, we do not deem this to be the case here as claims 3 and 4 are directed to the essential features in issue.

"We are not impressed by the argument as to constructive abandonment. The invention in issue apparently is extremely limited and applicant, in cancelling the claims 3 and 4 and substituting other claims therefor was merely trying to comply with the views of the examiner, but was claiming the essential features in issue at all times.

"We are of the opinion that Hamilton has complied with the requirement of the rule and is not estopped as contended by Thompson."

We approve the board's construction of the rule and its findings thereunder as applied to the facts of this case.

 The record in this case and that in companion case, Appeal 5050, were filed in this court June 9, 1944. On that same date appellee filed motion to correct diminution of the record, seeking to have included certain papers and documents described in the motion. The motion was granted in part, subject to assessment of costs, and a writ of certiorari issued to the commissioner was complied with. We find that the letters and documents certified by the commissioner were proper parts of the record and that they should have been included in the original transcript. Therefore, the costs incident to their inclusion, under the writ of certiorari, are assessed against appellant.

Since the Thompson and Shelters patents belong to a common assignee, it will be unnecessary to refer to the matter of those costs in our decision in Appeal 5050.

The decision of the board is affirmed.

Appeal No. 5050—Interference No. 80,608.

Five counts which appeared as claims in the Shelters patent are involved in this interference, which was declared December 8, 1942, following the copying of the claims by Hamilton into his application described at the outset of this opinion. They were copied more than a year after the issuance of the Shelters patent, and in Shelters' motion to dissolve he raised the identical question raised in the Thompson Interference 80,607, above discussed and decided.

The board stated in its decision:

"This is a companion interference with Interference 80,607 involving the same Hamilton application and a patent to Thompson filed and issued on the same day as the Shelters patent and assigned to the same assignee.

"The disclosure of the Shelters patent is identical with that of Thompson with the exception that Shelters shows an inturned flange 4 on the longer channel leg which corresponds with the flange 26 of Hamilton.

"Substantially the same question is involved here as in Interference 80,607. The only substantial difference being that the counts in Interference 80,608 involve the inturned flange on the longer channel leg. This feature had been specifically claimed in one or more of the Hamilton claims 1 to 5.

"It is not deemed necessary to repeat here what we have said in Interference 80,607; however, for the reasons more fully set forth therein we hold that Hamilton is not estopped in the instant case."

Since the controlling issue is the same as that involved in Interference 80,607, supra, it is deemed unnecessary to quote and analyze the counts.

Here, as in that case, it is conceded that Hamilton's application filed prior to that of Shelters disclosed the subject matter, and it is clear that during the prosecution of the Hamilton application and prior to the issuance, on September 16, 1941, of the Shelters patent, No. 2,255,950, Hamilton

had presented and was prosecuting claims covering such subject matter.

The decision of the board is affirmed. Affirmed.