37 C.C.P.A. (Patents)

**Application of FREY.**
**Patent Appeals No. 5679.**

United States Court of Customs and
Patent Appeals.
May 9, 1950.

Oscar C. Limbach, Cleveland, Ohio (Almon S. Nelson, Washington, D. C., and Oberlin & Limbach, Cleveland, Ohio, of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, and JOHNSON, Judges.

JACKSON, Judge.

This appeal is from a decision of the Board of Appeals of the United States Patent Office, affirming that of the Primary Examiner finally rejecting all of the claims, 16 to 20, inclusive, of a patent application, serial No. 479,593, filed March 18, 1943, "For Lubricant." The claims were rejected by the examiner on the ground of estoppel by reason of laches and also on the ground of not possessing sufficient basis in the disclosure of the application. The board reversed the decision of the examiner with respect to the second ground of rejection, but seemingly applied a new ground of rejection, stating that it was unable to see any patentable distinction between the substance defined by the involved claims and that defined by the broader claims present in appellant's prior patent, No. 2,-320,228, dated May 15, 1943, upon an application filed July 18, 1940, of which the involved application is a continuation-in-part.

The involved claims read as follows:

"16. A liquid lubricating oil composition comprising a petroleum lubricating oil and the calcium salt of an alkyl ester of salicylic acid.

"17. A liquid lubricating oil composition comprising a petroleum lubricating oil and 0.5—5.0% of the calcium salt of an alkyl ester of salicylic acid having from 8 to 18 carbon atoms in the alkyl chain.

"18. A liquid lubricating oil composition comprising a petroleum lubricating oil and the calcium salt of the octyl ester of salicylic acid.

"19. A liquid lubricating oil composition comprising a petroleum lubricating oil and the calcium salt of the lauryl ester of salicylic acid.

"20. A liquid lubricating oil composition comprising a Pennsylvania type petroleum lubricating oil and a minor proportion of the calcium salt of an alkyl ester of salicylic acid."

It may be observed that the involved claims have reference to lubricating oil compositions with improvement additives, generally as defined in claim 16, comprising a calcium salt of an alkyl ester of salicylic acid. Claim 17 limits the alkyl group to one having 8 to 18 carbon atoms of the alkyl chain; claim 18 is specific to the calcium salt of the octyl ester of salicylic acid; claim 19 is specific to the lauryl ester of salicylic acid; and claim 20 is similar to claim 16 except that it recites the oil base as a Pennsylvania type petroleum lubricating oil.

The claims were copied from a patent to Finley, 2,347,546, dated April 25, 1944, upon an application, serial No. 368,992, filed December 7, 1940, in order to provoke an interference with that patent.

The Finley patent was cited as a reference against the involved application in an office action, dated January 5, 1945. On May 23, 1945, counsel for appellant requested the examiner to act on claims 9 to 15, inclusive, of the application, which were stated to have been added in an amendment, dated June 9, 1944, containing claims copied from the Finley patent. The amendment was not of record and appellant was so advised on May 29, 1945. In an amendment, dated July 4, 1945, which was in response to the office action of January 5, 1945, wherein the Finley patent was cited, claims Nos. 9 to 15, inclusive, were added, but those claims were not copied from the patent to Finley and in the amendment no mention was made by appellant with respect to the alleged amendment of June 9, 1944, heretofore mentioned. Appellant, however, filed an affidavit under Rule 75, Rules of Practice of the United States Patent Office, 35 U.S.C.A.Appendix, in which an attempt was made to antedate the Finley patent. The examiner held the affidavit to be insufficient on November 15, 1945, and subsequently on December 10, 1946. It was not until June 5, 1947, that the involved claims were copied from the Finley patent.

From an observance of the foregoing mentioned dates it will be seen that more than three years elapsed subsequent to the issue of the Finley patent before the involved claims were copied therefrom and more than two years subsequent to the time that the Finley patent was cited and more than two years after appellant had been notified that the amendment stated by him to contain such copied claims had not been received.

In view of the above-recited facts, the examiner was of opinion that appellant was guilty of laches in copying the involved claims, and was therefore estopped under Rule 94, Rules of Practice of the United States Patent Office.

Failure to copy claims from a United States patent within one year from its issuance is prima facie evidence of unreasonable delay, and so defined by statute, R.S. 4903, as amended by act of August 5, 1939, 53 Stat. 1213 (1939), 35 U.S.C. § 51 (1946), 35 U.S.C.A. § 51. Such claims may be copied after the time limitations where substantially the same invention was claimed and was being asserted in the application prior to the end of the one year period. In re Lowry, 93 F.2d 909, 25 C.C.P.A., Patents, 829. When the decision in that case was rendered, the critical period was two years, which was shortened to one year by the above-mentioned statute.

It was the contention of counsel below and here that appellant has continuously claimed, from a time prior to the issue of the Finley patent, substantially the same invention as covered by the claims in that patent, and therefore that he is entitled to the benefit of the exception, relying on the cases of Chapman v. Beede, 54 App.D. C. 209, 296 F. 956; Jenks v. Knight, 90 F. 2d 654, 24 C.C.P.A., Patents, 1227; Thompson v. Hamilton, 152 F.2d 994, 33 C.C.P.A., Patents, 732; and Cryns v. Musher, 161 F.2d 217, 220, 34 C.C.P.A., Patents, 963. In accordance with the doctrine of those cases, an applicant for a patent—if he had claims within the critical period to the same or substantially the same subject matter as appears in a patent with which an interference is sought—is not barred from copying claims from the patent even though more than a year had elapsed subsequent to its issue.

Counsel for appellant concede that the claims herein, as well as those of his prior patent, are broader than the claims of the Finley patent. The attitude of the tribunals below was that the rejected claims differ so widely in scope from those of the Finley patent that they may not be properly considered as directed to substantially the same invention.

In support of the contention on behalf of appellant, counsel appear to rely entirely upon what was said in the case of Cryns v. Musher, supra. In that case we interpreted Rule 94 as providing: " * * * that no amendment *for the first time,* presenting or asserting a claim or claims which are the same as, or for substantially the same subject matter as, a claim or claims of an issued patent, may be made unless such claim or claims are presented within one year from the date on which the patent issued. As stated by the Board of Interference Examiners in the case of Thompson v. Hamilton, which was approved by this court, 152 F.2d 994, 997, 33 C.C.P.A., Patents, 732, 735, ' * * * all that is required is that he (the appellant) shall be urging claims covering the matter which is claimed in the patent before the critical period has terminated.' "

In the case of Thompson v. Hamilton, supra, we quoted with approval from the decision of the Board of Interference Examiners that " * * * all that is required (to come within the exception to Rule 94) is that he shall be urging claims covering the matter which is claimed in the patent before the critical period has terminated." [152 F.2d 997] The solicitor in his brief concedes that appellant had been asserting claims in his parent patent which cover the subject matter of the Finley patent claims, in that the subject matter of the copied claims are covered, but only for the reason that they are broader than the copied claims of the Finley patent. It does not appear that appellant contends that he had been claiming substantially the invention of the Finley patent claims in appellant's parent patent.

We think it is too clear to require discussion that in the use of the word "cover-ing" in the case of Cryns v. Musher, supra, there was no intention to hold that a broad claim which merely covers the invention of a patent claim is a claim to substantially the same invention as the patent claim so as to avoid estoppel. A careful analysis of our decision in that case plainly discloses that in order to come within the exception of Rule 94 one must have been claiming or asserting a claim or claims the same as, or for substantially the same subject matter as the claim or claims of the issued patent. The language of the court should be construed and applied pursuant to the precise issue involved. Conover v. Downs, 35 F.2d 59, 17 C.C.P.A., Patents, 587.

In the Thompson v. Hamilton case, supra, we quoted Rule 94 and noted that the rule is word for word the same as the second paragraph of 53 Stat. 1213 (1939), 35 U.S. C. § 51 (1946), 35 U.S.C.A. § 51, which became effective August 5, 1940. In our opinion there we quoted from the brief of appellant, "That some claim of the patent *covers* or *dominates* the article disclosed by Hamilton, or that some claim of Hamilton made within the prescribed period may cover or dominate the Thompson article, would not satisfy the rule." We noted appellant conceded that every physical feature defined in the counts was disclosed in the application of appellee during the critical period and claimed for substantially the same subject matter. The appellant there cited the case of Keith et al. v. Land, 55 App.D.C. 398, 2 F.2d 1013, 1925 C.D. 173, to sustain his contention that broad claims are not necessarily sufficient to avoid estoppel. That case was discussed by this court in Rauen v. Aiken, 74 F.2d 956, 22 C.C.P.A., Patents, 903.

■ On the facts of the instant case we are of opinion that appellant, during the critical period, was not claiming the same or substantially the same invention which is defined by the involved claims. In view of the well-settled law, hereinabove set out, the assertion of claims of greater breadth, present in appellant's application from the time of its filing up to the time when the appealed claims were added by

amendment for the purpose of provoking an interference, can not, merely by reason of such breadth, entitle him to a favorable decision here.

Clearly appellant is estopped by reason of laches, and by reason of our holding in that respect it is not necessary to consider the other ground of rejection made by the board.

For the reasons hereinbefore stated, the decision of the board is affirmed.

Affirmed.