41 C.C.P.A. (Patents)
### Application of TANKE et al.
### Patent Appeal No. 6036.

United States Court of Customs
and Patent Appeals.
May 27, 1954.

Kimball S. Wyman, Milwaukee, Wis. (Irvin L. Groh, Milwaukee, Wis., of counsel), for appellants.

E. L. Reynolds, Washington, D. C. (Clarence W. Moore, Washington, D. C., of counsel), for Commissioner of Patents.

Before O'CONNELL, JOHNSON, WORLEY, COLE, and JACKSON (retired), Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office, rendered thereby under Rule 206(b) of the Rules of Practice, 35 U.S.C.A. Appendix. The decision affirmed that of the Primary Examiner rejecting claims 34 through 48 of appellants' application filed July 15, 1947, for a patent on certain improvements in "Draft Means and Depth Control for Ground Working Implements," such as a plow "detachably connected with, and operatively carried by, a tractor in trailing relation thereto." Claim 32 was allowed.

The reference is:

Strandlund 2,483,565 October 4, 1949

Claim 40 is illustrative and reads as follows:

"For use with a tractor having a generally U-shaped bail pivotally connected for generally vertical swinging movement to the rear end of the tractor, the improvement comprising an implement having (a) at its forward end a socket member adapted to receive the rear portion of said bail and to be rigidly held against generally vertical movement relative thereto, (b) said implement including a section pivotally connected with said socket member, (c) and means connected between said implement section and said socket member for controlling the movement of one relative to the other."

The question is whether appellants are estopped, as the examiner and board held, to amend their application by the incorporation of the rejected claims, asserted for the first time on January 29, 1951, for the purposes of interference with the said patent to Strandlund granted for an "Agricultural Implement Hitch Structure" more than one year prior to the date on which the appealed claims were made.

In other words, the appealed claims were made 14 months after the date on which the patent to Strandlund was granted and two months after the period of one year had elapsed as proscribed by the statute. However, as noted in appellants' brief, "The application resulting in Strandlund patent 2,483,565 was copending [for several years] in the same Patent Office Examining Division with applicants' application. Patent 2,483,565 issued October 4, 1949 and was cited as a reference by the Patent Office only after applicants filed a supplemental amendment presenting the claims now on appeal."

R.S. § 4903, 35 U.S.C. § 51, relating to interferences, and in effect at the time this litigation was prosecuted in the Patent Office, was revised, codified, and enacted into law, effective January 1, 1953, 35 U.S.C. § 135, so far as pertinent, and without substantial change, now reads:

"A claim which is the same as, or for the same or substantially the same subject matter as, a claim of an issued patent may not be made in any application unless such a claim is made prior to one year from the date on which the patent was granted."

The import of the argument urged by appellants before the tribunals of the Patent Office, as well as here, was that claims 34 through 48 were the same as, or for the same or substantially the same subject matter as, that defined by appellants' original claims 6 and 14; and that such claims, which were under diligent

prosecution by appellants during the critical period, came within the recognized exception defined by the statute, citing Jenks v. Knight, 90 F.2d 654, 24 C.C.P.A., Patents, 1227; In re Lowry, 93 F.2d 909, 25 C.C.P.A., Patents, 829; Thompson v. Hamilton, 152 F.2d 994, 33 C.C.P.A., Patents, 732; Cryns v. Musher, 161 F.2d 217, 34 C.C.P.A., Patents, 963.

"The application and the patent," as the board aptly noted in its decision, "are each directed to an agricultural implement including a tractor and a plow or other ground working assembly. The claims are directed more particularly to the connections between the tractor and the implement and the details are apparently well understood by both the Primary Examiner and appellants so that it does not appear necessary to outline the description herein."

Claims 34 through 45 were copied verbatim by appellants from certain claims in Strandlund's patent, while claims 46 through 48 "are Strandlund's claims 2 and 18 rewritten to eliminate nonessential limitations."

The examiner required division with respect to three groups of subcombination claims set forth in appellants' application, and the examiner's decision on that point was sustained by the Examiner of Classification, contingent, however, upon the nonallowance of linking claims. These three groups of claims were not submitted to the board and are not before the court in this proceeding.[1]

Claim 6, directed to the combination of "a self-sustained traveling support" (tractor) and an implement; and claim 14, directed to the implement, *per se,* were elected for prosecution by appellants. Claim 14 is illustrative and reads as follows:

"An agricultural implement comprising (a) a draft structure, (b) an implement support, a tillage tool connected with said implement support for movement in unison therewith, means connecting said implement with said draft structure for angular movement relative thereto about a transverse hinge axis, (c) and coupling means rigidly interconnecting portions of said implement support and draft structure remote from said hinge axis and including an adjustable part effective to selectively change the angle between said implement support and draft structure while maintaining the rigidity of said interconnection, said coupling means also including additional parts interengaged for release in response to said tool encountering an excessive resistance while advancing in ground engaging position."

The examiner rejected claims 34 through 48 on two grounds, stated here in reverse order: namely, (1) that the claims are not fairly supported by the disclosure of the application; and (2) that they were not filed, as required by the statute, prior to one year from the date on which the patent to Strandlund was granted.

The first of the rejections thus advanced by the examiner was expressly overruled by the board; but the second was thus affirmed by it:

"The claims relied upon by appellants to bring this case under the exception of 35 U.S.C. § 51; R.S. § 4903 are not the same as, or for substantially the same subject matter as the claims of the issued patent. We therefore find the claims on appeal unpatentable to appellants because the amendment for the first time presenting or asserting these claims in the application was not filed within one year from the date

---

1. No duty would seem to devolve upon this court to consider the rejection of claims 7, 9, 15, and 16, since these claims have not been presented by the record. In re Kaufmann, 193 F.2d 331, 39 C.C.P.A., Patents, 769. The same is true with reference to a claim 30 which, as the Solicitor for the Patent Office observes, does not "appear to have been spelled out" before the board. In re Herthel, 174 F.2d 935, 36 C.C.P.A., Patents, 1095.

on which the Strandlund patent was granted. Andrews v. Wickenden, 194 F.2d 729, 39 C.C.P.A., Patents, 860."

The board on a request for reconsideration by appellants restated its position:

"The recitation of the draft structure in the claims here on appeal was, in effect, held in our decision to be *different in scope* from that recited in claim 14. We have reviewed our decision in this regard and find that our decision, in effect, held appellants' claims relied upon as showing they were claiming the same invention as recited in the claims here on appeal, *were not of the same scope as said claims here on appeal.*" (Italics supplied.)

Appellants on oral argument contended that all of Strandlund's claims do not include the same limitations and that limitations omitted from other claims cannot be considered on appeal as critical limitations defining patentable distinction over the prior art, citing In re Ripper, 171 F.2d 297, 36 C.C.P.A., Patents, 743, 746. On that point the Solicitor for the Patent Office made this pertinent observation, quoted here without numerical references to the record, regarding appellants' original claim 14 and those which they copied from the patent:

"With respect to claim 14, the Board of Appeals pointed out that it does not recite the socket member variously defined in all of appealed claims 34 to 40 and 42 to 48, both inclusive. Claim 34 uses the term 'socket member'; claim 35 refers to a 'member-receiving part open at its forward portion'; claim 36 employs the expression 'a bail-receiving socket member'; claim 37 specifies 'a drawbar-receiving socket member'; claim 38 refers to 'a drawbar-receiving member'; claim 39 mentions 'an attaching member * * * constructed and arranged * * * to receive * * * the

rear portion' of the drawbar; claim 40 returns to the term 'socket member'; * * * *"

The Court of Appeals of the District of Columbia, in Chapman v. Beede, 54 App.D.C. 209, 296 F. 956, 961, observed that in construing the statute here involved, the question in issue "is a question of substance and not of mere form." On that basis the court there held that a member designated in the claims by one party as a "sleeve," and by the other as a "bolster," was in effect the same, since "the function of the two members was substantially the same" and the invention claimed in the earlier and latter applications were "not patentably different" from the invention covered by the counts in issue.

What constitutes laches in making claims under 35 U.S.C. § 135, and the rules of construction which have been recently applied by the courts in the determination of that question, was effectively discussed in Walker on Patents, 869, (Deller's Edition and Cumulative Supplement, 1953, to Volume II). There among the cases reported and analyzed by the author was the decision rendered by the second judicial circuit, 1946, holding that "amendments which go no further than make express what would have been regarded as an equivalent of the original, or to incorporate into one claim what was to be gathered from a reading of all, if read together, are allowable," citing. Engineering Development Laboratories v. Radio Corp., 2 Cir., 153 F.2d 523, 525. There the court further held, Judge Learned Hand writing the decision, that "every patent is entitled to some range of equivalents."

A critical comparison of the competing specifications, together with the limitations of the respective claims of the issued patent and those of the application in issue, establish, as the board held, that the draft structure recited in applicants' claim 6 is essentially within the meaning of the terms "socket member", "drawbar-receiving socket member", "attaching member", and "bail-receiving

member", in so far as structurally defined by the claims on appeal.

Furthermore, it should be noted that the terms "draft structure" defined by appellants' original claims 6 and 14, and the terms such as "drawbar-receiving member" and "bail-receiving member" in the appealed claims seem to be merely different expressions for essentially the same apparatus both structurally and functionally.

The final conclusion of the board in this case holding that the recitation of the draft structure in the appealed claims "to be different in scope from that recited in claim 14" does not appear to legally establish that such claims are not for substantially the same subject matter.

In dealing with competing claims, one group of which was drawn to a spring which assisted in both lifting and lowering certain plow beams therein defined, and another group which merely defined the function of the spring as assisting in the lifting of said beams, the Supreme Court held that both groups of claims were for the same combination; that to avoid rejection on the ground of double patenting, the claims of the subsequent application must define something substantially different from those comprehended by the first patent; and that such claims should they consist of nothing more than a mere distinction in breadth or scope when compared to the patented claims, do not define a separate invention or subject matter which is not substantially the same. Miller v. Eagle Manufacturing Co., 151 U.S. 186, 14 S.Ct. 310, 38 L.Ed. 121; In re Eisler, 203 F.2d 726, 40 C.C.P.A., Patents, 913, 916; In re Derleth, 118 F.2d 566, 28 C.C.P.A., Patents, 973; In re Woodsome, 56 App.D.C. 138, 10 F.2d 1003.

The board further and erroneously relied upon the doctrine of Andrews v. Wickenden, 194 F.2d 729, 39 C.C.P.A., Patents, 860, as defining a controlling principle of law applicable to the facts presented in the case at bar. In that case the copied claims relied upon by the applicant to avoid the prohibition of the statute specified the use of a critical degree of temperature nowise disclosed in his original application.

For the reasons hereinbefore stated the decision of the Board of Appeals is reversed.

Reversed.

JACKSON, Judge, retired, recalled to participate here in place of GARRETT, C. J.