Johnson, Chief Judge,
dissenting.
I am of the opinion that the single claim on appeal was properly rejected by the Board of Appeals as being drawn merely to the function of the disclosed apparatus and thus respectfully dissent from the decision rendered by the maj ority of the court.
The applicable law in this case is clear and has been adequately set forth in the majority opinion. There is no question but that, in accordance with said law, unless it can be demonstrated to the court that the claimed process can be carried out by apparatus different from that disclosed in appellant’s application or by hand, the rejection of the board must be sustained.
The majority decision makes no mention of the existence of appa *800 ratus different from that disclosed which might be employed to carry out the claimed process but, rather, bases its conclusions on the fact that the claimed method may be performed by hand.
With respect to the former consideration, it must be noted that appellant has urged that it is possible for the alleged method recited in claim 168 to be performed by an alternate machine. He contends that the Young machine of patent No. 2,328,873 could be combined with the transfer mechanism of appellant’s prior patent No. 2,466,669, and that this combination could perform appellant’s process.
This argument, however, was not pressed before either the examiner or the board. In view of this fact, appellant may not properly raise the point before this tribual. In re Herthel, 36 C. C. P. A. (Patents) 1095, 174 F. 2d 935, 82 USPQ 55.
It remains to be seen whether or not the claimed method may be performed by hand.
The preamble of claim 168 recites the use of a “rotating glass machine having a set of blank molds around it at one level and a set of finish molds around it at another level.” This recitation therefore indicates that a machine having the foregoing characteristics must-be used for performing the alleged method. The next phrase recites “charging a blank mold at a charging point in the rotation of the machine.” Thus, again the machine is inextricably associated with the alleged method. The phrase “forming an inverted parison in the blank mold with a portion of its top surface shaped like the final ware, and with its lower parts finished,” in my opinion, recites a step which can be performed independently of any particular apparatus or by a hand implement, assuming that this phrase is not functional in that it merely recites a desired result. The same can be said of the following phrase which recites “holding said parison in the mold until it becomes relatively stiff to withstand subsequent transfer to the finish mold.” However, the next portion of the claim, which states “engaging ,the finished top surface of the stiff parison by interfitting a transfer head therewith and drawing a suction thereon,” appears to me to recite how the specific machine operates. The next phrase, “opening the blank mold,” is not restricted to the machine under consideration. However, the next phrase, “swinging the parison to reverted position while holding the suction thereon, and enclosing the same with the suction head in the finish mold,” indicates to me the mode of operation of the specific machine in question in that it sets forth the relationship of the parts of the machine relative to the parison.. The remaining portions of the claim are restricted to the cooperation of the various essential elements of the machine, and define their operative relationship to secure the desired result, and, as such, are drawn to the function of the machine. Nothwithstanding *801 tliat certain portions of the claim are not restricted to the function of the particular machine, most of the portions are so restricted. Inasmuch as the well-settled law states that the function of a machine is not patentable, and since claim 168 for the most part merely recites how the machine functions, I am of the opinion that the claim is unpatentable.
The decision of the Board of Appeals should accordingly be affirmed.