**Application of Tor Fjalar HOLMBERG.**

**Patent Appeal No. 6267.**

United States Court of Customs
and Patent Appeals.

March 29, 1957.

———◇———

Wenderoth, Lind & Ponack, Washington, D. C. (John E. Lind, Washington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for Commissioner of Patents.

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, RICH, and JACKSON, retired, Associate Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner on the ground of lack of invention over prior patents of claims 10 and 11 of appellant's application for a patent on a method of cleaning gases. The appealed claims read as follows:

"10. The method of cleaning gases by the wet process by leading said gas through a chamber of Venturi-like shape comprising squirting the cleaning liquid into said chamber directly in its smallest constricted area where the gas stream has obtained its highest velocity, the liquid being pumped into the gas stream at this point in substantially the same direction and with substantially the same velocity as that of the gas in order to avoid kinetic energy loss.

"11. A method as claimed in claim 10 and wherein the injected liquid is capable of dissolving a portion of the constituent parts of the gas for cleaning thereof."

The references relied on are: Brassert et al. (British) 421,811 Dec. 20, 1934; Dill 2,088,691 Aug. 3, 1937; Niehart 2,217,130 Oct. 8, 1940.

Appellant's application relates to a process of cleaning a gas in which a liquid such as water is sprayed into a moving body of gas and absorbs the dust or other impurities therefrom. As shown and described the gas passes through a conduit having a restricted throat of Venturi-like shape. The liquid is sprayed into the gas by nozzles located at the most restricted portion of the throat, and the velocity at which the liquid is sprayed is substantially equal to that of the gas at the point where the liquid enters it, with the liquid and gas moving in the same direction so that the shock incident to their initial contact is eliminated or minimized.

The Brassert et al. patent, hereafter referred to as Brassert, discloses a method of and apparatus for cleaning a gas in which the gas passes through a conduit having a Venturi throat. Liquid is sprayed into the throat through a nozzle in the direction in which the gas is moving. An electrode is associated with the Venturi and the water is given an

electrical charge to expedite precipitation of the dust particles.

The Niehart patent shows an arrangement of Venturi and liquid spray nozzles generally similar to that of Brassert, but without electrical charging. It relates to a humidifying device and in our opinion is merely cumulative to Brassert and does not require further discussion.

The Dill patent relates to a gas cleaning method and apparatus in which the gas passes through a Venturi throat. Liquid moving in the same direction as the gas is sprayed into it through a nozzle located at the flared end of the Venturi in advance of the restricted portion. Dill states that it is advantageous in most instances to maintain the same velocity in the gas stream as in the liquid issuing from the nozzle and that if this is done the resulting pressure drop through the installation is satisfactory.

The board held the appealed claims to be unpatentable over Brassert or Niehart in view of Dill, on the ground that it would not require invention to spray the liquid in either of the first two patents at the velocity at which the gas is moving, in view of Dill's suggestion that it is desirable that those velocities be the same.

The claims are clearly readable on Brassert except that the liquid nozzle of the patent apparently is not located exactly at the most restricted part of the throat, and Brassert is silent as to the relative velocities of the gas and liquid at the nozzle. The fact that Brassert employs an electrical charge while appellant does not is immaterial here, since there is nothing in the appealed claims which would preclude the use of such a charge.

We are of the opinion that the slight spacing of Brassert's nozzle from the narrowest portion of the throat is of no patentable consequence. There is nothing to show that the location of the nozzle at the exact point recited in the appealed claims is critical, and it would appear that Brassert's nozzle would function in substantially the same manner in the position shown as at the point claimed by appellant. It is to be noted, moreover, that the distinction in question does not appear to have been relied on by appellant before the Patent Office tribunals and is not mentioned in the reasons of appeal to this court. See In re Herthel, 174 F.2d 935, 36 C.C.P.A., Patents, 1095.

As above noted, Brassert does not specify the velocity at which the liquid is sprayed in his process. We are in agreement with the finding of Patent Office tribunals, however, that Dill teaches the general desirability of having the liquid and gas move at the same velocity and in the same direction when they are brought into contact, and that there would be no invention in applying that idea in the Brassert process. The references show that the advantages of introducing the liquid at the throat of the Venturi and introducing it at the same velocity as the gas were recognized individually in the prior art and it therefore would have been obvious to combine those expedients in a single process if the advantages inherent in both were desired. A patent should not be granted for the discovery of a result that would naturally flow from the teachings of the prior art. In re Kepler, 132 F.2d 130, 30 C.C.P.A., Patents, 726.

The decision of the Board of Appeals is affirmed.

Affirmed.

JACKSON, J., retired, recalled to participate herein in place of COLE, J., absent because of illness.