NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: COMMONWEALTH SCIENTIFIC & INDUSTRIAL RESEARCH ORGANISATION, BAYER CROPSCIENCE NV,**
*Appellants*

---

2014-1710

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board, in No. 105,754.

---

Decided: November 20, 2015

---

CHRISTOPHER LEE NORTH Buchanan Ingersoll & Rooney P.C., Alexandria, VA, argued for appellants. Also represented by TODD RAY WALTERS, ERIN M. DUNSTON.

Before CHEN, MAYER, and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

Commonwealth Scientific & Industrial Research Organization ("CSIRO") appeals the Patent Trial and Appeal Board's decision in Interference No. 105,754 that claims 52–62 and 69–106 of U.S. Patent Application No. 11/364,183 ("the '183 application") are time-barred under 35 U.S.C. § 135(b)(1). For the reasons below, we reverse.

BACKGROUND

This case involves an interference between CSIRO's '183 application and Carnegie Institution of Washington and the University of Massachusetts' (collectively, "Carnegie") U.S. Patent Nos. 6,506,559, 7,622,633, and 7,538,095 (collectively, "Carnegie's patents").[1] The interference involved a single count, and the Board ultimately designated claims 52–67 and 69–106 of the '183 application and various claims of Carnegie's patents as corresponding the count.

During the interference, Carnegie moved for judgment that all claims of the '183 application involved in the interference were unpatentable as untimely filed under § 135(b)(1). Section 135(b)(1) provides:

> A claim which is the same as, or for the same or substantially the same subject matter as, a claim of an issued patent may not be made in any application unless such a claim is made prior to one year from the date on which the patent was granted.

Although CSIRO substantially copied claims from one of Carnegie's patents before the critical date in § 135(b)(1), CSIRO later canceled those claims (the "pre-critical date claims") to avoid an interference. It was not until five years after the critical date that CSIRO added claims 52–67 and 69–106 to the '183 application (the "post-critical date claims") and sought an interference with Carnegie's patents. Carnegie alleged that CSIRO's prosecution strategy delayed declaration of the interfer-

---

[1] The America Invents Act ("AIA"), Pub. L. No. 112-29, eliminated interference proceedings. Because the applications and patents at issue in this case were filed before March 16, 2013, we apply the pre-AIA version of 35 U.S.C. § 135.

ence until more than five years after the § 135(b)(1) critical date, in violation of the intent of § 135(b)(1). According to Carnegie, excusing an intentional effort to avoid an interference for five years would frustrate the purpose of § 135(b)(1).

The Board agreed that CSIRO's prosecution strategy delayed declaration of the interference and held that CSIRO could not rely on its pre-critical date claims to demonstrate compliance with § 135(b)(1). The Board acknowledged that, under this Court's precedent, a party can comply with § 135(b)(1) by showing that its post-critical date claims are not materially different from pre-critical date claims. Interference No. 105,754, Paper No. 458 at 3 (Dec. 11, 2013) (citing *Adair v. Carter*, 668 F.3d 1334, 1339 (Fed. Cir. 2012)). The Board also acknowledged that, "[i]n the present case, there is conceded nexus between CSIRO's pre- and post-critical date claims." Interference No. 105,754, Paper No. 453 at 11 (Oct. 12, 2012). But the Board held, as a matter of first impression, that § 135(b)(1) does not allow relation back to a pre-critical date claim when a patent applicant intentionally delays declaration of an interference, even if the differences between the pre- and post-critical date claims are immaterial. In reaching this conclusion, the Board emphasized its view that "like any statutory time bar, § 135(b)(1) was intended to encourage promptitude" in seeking interferences. *Id.* at 13.

Based on its holding that a party that deliberately chooses to avoid or delay an interference cannot rely on its pre-critical date claims, the Board concluded that claims 52–67 and 69–106 of the '183 application were barred as untimely under § 135(b)(1). Administrative Patent Judge Tierney dissented-in-part, explaining that the theory that prosecution delay can affect the § 135(b)(1) bar is unsup-

ported by case law and unnecessary for operation of the statute.[2]

In the meantime, CSIRO moved for judgment that Carnegie was not entitled to the benefit it was accorded in the interference for its provisional patent application. The Board ruled in CSIRO's favor and redeclared the interference with CSIRO as the senior party. Carnegie failed to file a priority motion in response. Consequently, the Board entered judgment against Carnegie, canceling all of Carnegie's claims involved in the interference. At the same time, the Board finally refused CSIRO's claims 52–62 and 69–106 based on its earlier determination that the claims were barred under § 135(b)(1).

CSIRO appeals the Board's refusal of claims 52–62 and 69–106 of the '183 application, arguing that § 135(b)(1) does not require promptness or diligence in seeking an interference. Alternatively, CSIRO argues that its claims cannot be barred under § 135(b)(1) in view of the cancellation of Carnegie's claims in the Board's final decision. Neither Carnegie nor the PTO participated in the appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A).

### DISCUSSION

We review the Board's statutory construction de novo. *Adair*, 668 F.3d at 1336. We hold that the Board erred by construing § 135(b)(1) to bar CSIRO's post-critical date claims even assuming CSIRO's prosecution strategy

---

[2] Upon CSIRO's motion for rehearing, the Board vacated its judgment with respect to claims 63–67, but maintained that claims 52–62 and 69–106 were barred as untimely.

delayed declaration of the interference. Application of § 135(b)(1) does not turn on the patent applicant's prosecution decisions or require diligence in prosecution. Both the plain language of the statute and the precedent applying it support this conclusion.

Our predecessor court held that cancellation or amendment of a pre-critical date claim does not in itself result in a violation of § 135(b)(1) so long as the later-added claims are immaterially different from the pre-critical date claim. *See Cryns v. Musher*, 161 F.2d 217 (CCPA 1947); *Corbett v. Chisholm*, 568 F.2d 759 (CCPA 1977). We have followed this precedent. *See, e.g.*, *Regents of the Univ. of Cal. v. Univ. of Iowa Research Found.*, 455 F.3d 1371, 1376 (Fed. Cir. 2006); *Adair*, 668 F.3d at 1334. In *Cryns*, the CCPA explained that Rule 94,[3] a predecessor to § 135(b), only required the "urging [of] claims covering the matter which is claimed in the patent before the critical period has terminated," and declined to impose a requirement for continuous prosecution of the pre-critical date claims. 161 F.2d at 219–220.

Later, in *Corbett*, the CCPA applied the reasoning in *Cryns* to § 135(b)(1), explaining that the statute only required that, prior to the critical date, "the copier had to be claiming the invention, whether or not the claims were subsequently cancelled." 568 F.2d at 765. In *Regents*, this Court explained that a party can defeat a § 135(b)(1)

---

[3] The pertinent part of Rule 94 of the Rules of Practice in the PTO, which at the time was identical to the second paragraph of 35 U.S.C. § 51 (1939), stated: "No amendment for the first time presenting or asserting a claim which is the same as, or for substantially the same subject matter as, a claim of an issued patent may be made in any application unless such amendment is filed within one year from the date on which said patent was granted."

bar by showing "that claims filed after the critical date find support in the claims filed before the critical date" and explained that the relationship between post- and pre-critical date claims is "dispositive of the section 135(b)(1) question." 455 F.3d at 1374. Finally, in *Adair*, this Court reaffirmed that cancellation of claims does not impact application of § 135(b)(1), explaining that "[a]ny claims filed within the critical period, whether or not later cancelled, may provide pre-critical date support for the later filed patent claim(s), so long as the pre-critical date claims are not materially different from the later filed claims." 668 F.3d at 1339. We left no room for imposition of a requirement of diligent prosecution when the requisite relationship between post- and pre-critical date claims is otherwise established.

We see no basis in this precedent or the statutory language itself for now reading in an exception to the exception in § 135(b)(1) to require a showing of diligent prosecution by the patent applicant. At no time have we held that a patent applicant's prosecution strategy could bar claims otherwise permissible under § 135(b)(1), and the Board's analysis does not persuade us to adopt such a rule at this time.

Because we reverse the Board's refusal of claims 52–62 and 69–106 of the '183 application, we do not address CSIRO's argument that these claims cannot be time-barred in view of the Board's subsequent cancellation of Carnegie's interfering patent claims.

## CONCLUSION

The Board erred by finding claims 52–62 and 69–106 of the '183 application time-barred under 35 U.S.C. § 135(b)(1) based on prosecution delay caused by CSIRO. Because Carnegie bore the burden of demonstrating the applicability of the § 135(b)(1) bar but failed to present any evidence of differences between CSIRO's post- and

pre-critical date claims, we reverse the Board's refusal of claims 52–62 and 69–106 of the '183 application.

**REVERSED**

COSTS

None.